

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,666-01

### EX PARTE JOHN PALMER

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1985CR2282-W1 IN THE 144TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. According to the summary sheet prepared by the district clerk and the docket sheet, the trial court held an evidentiary hearing, but the transcript of the hearing was not forwarded to this Court. Under Article 11.07 of the Texas Code of Criminal Procedure, a reporter is required to transcribe a hearing within fifteen days of its conclusion and then to immediately forward the transcript to the district clerk in the county of conviction. *Id*. at § 3(d). After receiving the transcript, the district clerk is required to forward it, among other things, to this Court. *Id*.; *see also* TEX. R. APP. P. 73.4(b)(4).

The district clerk shall serve the reporter in Applicant's case with a copy of this order and

then either forward to this Court the transcript of the evidentiary hearing or certify in writing that the reporter has not transcribed the hearing.

If the complainant signed a recantation affidavit that was filed and is part of the habeas record, the district clerk shall also forward the affidavit to this Court. Under Article 11.07, a district clerk is required to forward to this Court, among other things, "the application, any answers filed, any motions filed, transcripts of all depositions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact." TEX. CODE CRIM. PROC. art. 11.07, § 3(d); *see also* TEX. R. APP. P. 73.4(b)(4).

The district clerk shall comply with this order within thirty days from the date of this order.

Filed: November 26, 2019
Do not publish